# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHARLIE MACK**                                                                                            **PLAINTIFF**

**V.**                                                                                    **NO. 4:18-CV-42-DMB-JMV**

**MERITOR, INC., et al.**                                                                      **DEFENDANTS**

## ORDER

On July 2, 2019, Meritor, Inc., Rockwell Automation, Inc., and the Boeing Company (collectively, "Meritor Defendants") filed a motion to enforce a settlement agreement between them and Charlie Mack. Doc. #80. No response to the motion has been filed.

## I
## Standard

"[F]ederal courts possess the inherent power to enforce agreements entered into in settlement of litigation …." *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014). In a diversity case such as this, "the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." *Id.* Under Mississippi law, "in order for a settlement agreement to be enforced, the party claiming the benefit of enforcement must prove by a preponderance of the evidence that there was a meeting of the minds." *Ill. Cent. R.R. Co. v. Byrd*, 44 So. 3d 943, 948 (Miss. 2010).

In evaluating the movant's burden, enforcement may be ordered summarily when the settlement agreement sought to be enforced was reached in a case pending before the court and so long as there are no "disputed issues of the validity and scope of the agreement." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390–91 (5th Cir. 1984). Here, because no response to

the motion was filed, and because the motion and accompanying exhibits[1] adequately present the relevant record, the Court finds no disputed issues which would justify an evidentiary hearing.

## II
## Factual Background

On October 12, 2018, United States Magistrate Judge Jane M. Virden noticed a settlement conference for March 5–6, 2019, regarding property damage and personal injury claims in nine separate actions related to the operation of a manufacturing facility in Grenada, Mississippi, by Meritor, Inc., the Boeing Company, Rockwell Automation, Inc., and Textron, Inc. Doc. #504. The notice required that "Counsel, Defendant(s) or Representative(s) with full settlement authority" be in attendance "unless excused by the Court." *Id.* at 1. It further required that the plaintiffs, all residents or former residents of the neighborhood adjacent to the facility, "be available, at least, by telephone on both days." *Id.*

During the mediation, the Meritor Defendants and Mack reached a settlement agreement with regard to the personal injury claims asserted by Mack. On or about April 1, 2019, J. Dennis Weitzel, counsel for Mack "finalized and approved" a Confidential General and Absolute Release Agreement ("Agreement") which required that Mack execute certain release documents dismissing his personal injury claims with prejudice in exchange for a sum certain. Mack has refused to execute the documents required by the Agreement.

## III
## Analysis

To establish a meeting of the minds under Mississippi law and, thus, an enforceable contract, "six elements must be present: (1) two or more contracting parties, (2) consideration, (3)

---

[1] The Court authorized the Meritor Defendants to submit additional documents in support of its motion. *See* Doc. #100.

2

an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Estate of Davis v. O'Neill*, 42 So. 3d 520, 527 (Miss. 2010) (quotation marks omitted). An agreement to settle a lawsuit may be oral. *See generally WRH Props., Inc. v. Estate of Johnson*, 759 So. 2d 394, 396–97 (Miss. 2000) (considering possibility of oral settlement though finding one did not exist under the facts).

There is no dispute that the Agreement involved two or more contracting parties (the Meritor Defendants and Mack); included adequate consideration (a sum of money in exchange for the release of certain claims with prejudice); or was sufficiently definite (included a specific sum in exchange for a specific dismissal). *See O'Neil*, 42 So. 3d at 520.

As to capacity, Mississippi law "presumes that a person is sane and mentally capable to enter into a contract." *Parks v. Parks*, 914 So. 2d 337, 341 (Miss. Ct. App. 2005). Mack has offered no evidence which would rebut this presumption. Accordingly, the capacity requirement has been satisfied.

"The assent of the parties in the formation of a contract must necessarily be gathered from their words, acts and outward expressions." *Hill v. Capps*, 160 So. 2d 186, 190 (Miss. 1964). Assent may be given by an agent of a party. *Heritage Bldg. Prop., LLC v. Prime Income Asset Mgmt.*, 43 So. 3d 1138, 1143 (Miss. Ct. App. 2009). There is no dispute that Mack himself agreed to the settlement at the time of the mediation or that Weitzel was acting as Mack's agent when he approved the Agreement. Accordingly, the assent requirement has also been satisfied.

Finally, Mack has cited no legal prohibition which would preclude the relevant contract formation. Under these circumstances, the Court concludes that the Meritor Defendants have

sustained their burden of showing a meeting of minds based on the oral settlement agreement and that, therefore, the motion to enforce must be granted.

## IV
## Conclusion

The Meritor Defendants' motion to enforce settlement [80] is **GRANTED**. Mack is **DIRECTED** to execute within seven (7) days of the date of this order all documents to effectuate the settlement between herself and the Meritor Defendants as set forth in the Agreement.

**SO ORDERED**, this 27th day of November, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**